Keith Altman (SBN 257309)
**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
Email: kaltman@lawampmmt.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| BRANDI CRAWFORD on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONY INTERACTIVE ENTERTAINMENT, LLC,<br><br>Defendant. | Case No.: 3:20-cv-01732<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SONY INTERACTIVE LLC'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**<br><br>Judge:  Hon. James Donato<br>Hearing Date: Sept. 24, 2020<br>Time: 10:00 a.m.<br>Courtroom 11, 19th Floor |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................. 1

II. STATEMENT OF FACTS ................................................................... 1

III. ARGUMENT ........................................................................................ 2

   A. C.R.B. Disaffirmed the Agreement, It Is Therefore No Longer Binding on Plaintiff for C.R.B.'s Purchases ........................................... 2

IV. CONCLUSION .................................................................................... 7

i

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTY SONY ENTERTAINMENT LLC' MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CASE NO. 3:20-cv-01732-JD

# TABLE OF AUTHORITIES

**Cases**

*Berg v. Traylor*, 148 Cal. App. 4th 809 (2007) ............................... 3, 4, 6
*Bernand v. Irogoyen*, 30 Cal. 2d 861 (1947) ............................................. 5
*Celli v. Sports Car Club of America, Inc.*, 29 Cal. App. 3d 511 (1972) ... 4
*Deck v. Spartz, Inc.*, 2011 WL 7775067 (E.D. Cal. 2011) ....................... 3
*Goldberg v. Superior Court*, 23 Cal. App. 4th 1378 (1994) ..................... 4
*I.B. ex rel. Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989 (N.D. Cal 2012) 4, 5
*Le Baron v. Berryessa Cattle Co.*, 78 Cal. App. 536 (1926) ..................... 5
*Lopez v. Kmart Corp.*, No. 15-cv-01089-JSC, 2015 U.S. Dist. LEXIS 58328 (N.D. Cal. May 4, 2015) ........................................................... 6
*Scollan v. Gov't Employees Ins. Co.*, 222 Cal. App. 2d 181 (1963) ......... 4
*Spencer v. Collins*, 156 Cal. 298 (Cal.1909) ............................................. 4

**Statutes**

Cal. Fam. § 6710 ........................................................................................ 3
Cal. Fam. § 1670(c) ................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants are correct that Plaintiff is bound by the arbitration and class action waivers for transactions in which she engaged. However, to be clear, Plaintiff did not enter into the transactions that give rise to this lawsuit. The purchases were made on Plaintiff's and Plaintiff's minor child's PlayStation Network Accounts ("PSN") by her minor son without her consent using Plaintiff's credit cards. Plaintiff is merely seeking recovery for the costs made by her minor child, C.R.B., who has since disaffirmed transactions that C.R.B. entered without Plaintiff's consent.  Defendants do not, and cannot, argue that C.R.B. is bound by the arbitration agreement contained in the PSN Terms of Service and User Agreement ("PSN ToSUA") or the System Software Licensing Agreement ("SSLA"), after his disaffirmance.  Thus, there is no arbitration agreement for this Court to enforce.

## II.   STATEMENT OF FACTS

C.R.B. created a PSN account to play Fortnite on his PlayStation 4 ("PS4") system in 2019. Comp. ¶ 7-8. C.R.B. used Plaintiff's credit card to make purchases of in-game currency known as "V-Bucks." Comp. ¶ 10. C.R.B. made these purchases without Plaintiff's authorization. Comp. ¶ 10. Defendant has identified that the purchases totaled less than the $1,000 claimed by Plaintiff, amounted to $843.53. Def. Mt. to

1

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTY SONY ENTERTAINMENT LLC' MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CASE NO. 3:20-cv-01732-JD

1. Compel Arbitration, pg. 4. However, the amount in question is immaterial to the present motion before the Court. Plaintiff also has a PSN account where C.R.B. made purchases without Plaintiff's authorization. Plaintiff sought a refund for the unauthorized purchases made by C.R.B. but was denied. Compl. ¶ 51.

C.R.B. made 34 purchases between his account and Plaintiffs from December 6, 2019 to March 1, 2020. Def. Mt. to Compel Arbitration, pg. 4. C.R.B. and Plaintiff both made PSN accounts and agreed to the PSN ToSUA and the SSLA. Provisions to these agreements included a class action waiver and binding arbitration agreement. While C.R.B. initially agreed to the terms of service for use of PSN and the PS4, he has since disaffirmed the agreements and the agreements and transactions entered into by C.R.B. are no longer binding on C.R.B. for the purchases made on his account and Plaintiff's account.

### III.  ARGUMENT

**A. C.R.B. Disaffirmed the Agreement, It Is Therefore No Longer Binding on Plaintiff for C.R.B.'s Purchases**

Plaintiff does not dispute that both she and C.R.B. created PSN accounts on their PS4 system and agreed to the PSN ToSUA and the SSLA. However, Plaintiff is seeking recovery for purchases C.R.B. made, without Plaintiff's consent using her credit card, who has since

disaffirmed the agreement and is no longer subject to its terms, including the binding arbitration agreement. C.R.B. made the purchases forming the basis of the lawsuit- not Plaintiff. Plaintiff seeks to recover the amounts incurred by C.R.B. on her credit card for the disaffirmed transactions.

As SIE's United States headquarters and principal place of business is in California, and the agreement has a choice-of-law provision identifying California law as controlling under the agreement, the laws of California should apply to this dispute even in the absence of an enforceable agreement between C.R.B. and Defendant. Under California law, a minor may disaffirm a contract before majority. Cal. Fam. § 6710. Additionally, a minor cannot make a contract relating to any personal property not in the immediate possession or control of the minor. Cal. Fam. § 1670(c). Further, California law allows for a minor to "disaffirm all obligations under a contract, even for services previously rendered, without restoring consideration or the value of services rendered to the other party." *Deck v. Spartz, Inc.*, 2011 WL 7775067 (E.D. Cal. 2011) (citing *Berg v. Traylor*, 148 Cal. App. 4th 809 (2007)).

California "law shields minors from their lack of judgment and experience and under certain conditions vests in them the right to disaffirm their contracts. Although in many instances such

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTY SONY ENTERTAINMENT LLC' MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CASE NO. 3:20-cv-01732-JD

disaffirmance may be a hardship upon those who deal with an infant, the right to avoid his contracts is conferred by law upon a minor for his protection against his own improvidence and the designs of others. It is the policy of the law to protect a minor against himself and his indiscretions and immaturity as well as against the machinations of other people and to discourage adults from contracting with an infant. Any loss occasioned by the disaffirmance of a minor's contract might have been avoided by declining to enter into the contract.'" *I.B. ex rel. Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1000 (N.D. Cal 2012) (quoting *Berg*, 148 Cal. App. 4th at 181) (internal quotation marks omitted)).

"Simply stated, one who provides a minor with goods and services does so at her own risk." *Berg*, 148 Cal. App. 4th at 181 (citing *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382–1383 (1994)). "A contract (or conveyance) of a minor may be avoided by any act or declaration disclosing an unequivocal intent to repudiate its binding force and effect." *Spencer v. Collins*, 156 Cal. 298, 303 (Cal.1909). "Express notice to the other party is unnecessary." *Berg*, 148 Cal. App. 4th at 820 (citing *Celli v. Sports Car Club of America, Inc.*, 29 Cal. App. 3d 511, 517 (1972)). Disaffirmation by a minor rescinds the entire contract, rendering it a nullity. *Scollan v. Gov't Employees Ins. Co.*, 222 Cal. App. 2d 181, 183–84 (1963). An action for disaffirmation is one in equity,

governed in many respects by the rules relating to rescission of contracts, and "the trial court is vested with a broad discretion to see that equity is done." *Le Baron v. Berryessa Cattle Co.*, 78 Cal. App. 536, 548 (1926).

A District Court in California, applying California's disaffirmance law has held that minors may proceed with a claim that the may disaffirm contracts to recover consideration paid by their parents for purchases made without the parents' authorization. *See I.B. ex rel. Fife*, 905 F. Supp. 2d at 1003-1004. *See also Bernand v. Irogoyen*, 30 Cal. 2d 861, 865 (1947) ("A contract relating to… personal property not in his immediate possession or control, entered into by a minor under 18 years is void and requires no act of disaffirmance.").

Here, the agreements attached to the declaration of Ryan King in support of Defendant's motion, ECF # 19-1, demonstrate that Defendant was fully aware that minors would be making purchases through their system. *See* ECF # 19-1, pp. 15, 16, 17, 19, 20, 21, 28, 30, 31, 33, 37, 39, 40, 46 (out of 60 pages). Nowhere in their motion does Defendant show that C.R.B. is subject to the arbitration agreement once he has disaffirmed. Plaintiff is seeking to recover the costs she incurred due to C.R.B.'s disaffirmed transactions- not due to any transaction she engaged in.

5

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTY SONY ENTERTAINMENT LLC' MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CASE NO. 3:20-cv-01732-JD

Once C.R.B. disaffirmed SIE's contract, C.R.B. was no longer bound by any provisions of the contract, including the arbitration clause. "Having determined that there is no valid arbitration agreement to enforce in light of C.R.B.'s disaffirmance," *Lopez v. Kmart Corp.*, No. 15-cv-01089-JSC, 2015 U.S. Dist. LEXIS 58328, at *20 (N.D. Cal. May 4, 2015), Plaintiff is not bound by the terms of the contract for the purchases **C.R.B.** entered into without her authorizations, including the arbitration provisions outline in the PSN ToSUA and the SSLA. Defendant Sony Entertainment, LLC "chose to contract with—and profit from—minors at its own risk." *Berg*, 148 Cal. App. 4th at 818. It cannot purport to bind those minors to its exculpatory fine print. Accordingly, both the PSN ToSUA and the SSLA are voidable and have been disaffirmed by C.R.B. The arbitration clause is not applicable. "Thus, the Court should deny the motion to compel arbitration and this case must proceed on the pleadings." *Lopez*, 2015 WL 2062606 at *7 ("In short, although Plaintiff entered into a valid arbitration agreement with Kmart, he has exercise his statutory right of disaffirmance, thereby rescinding the contract and rendering it a nullity… as a result, there is no valid agreement to arbitrate… so the Court must deny Kmart's motion.").

6

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTY SONY ENTERTAINMENT LLC' MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CASE NO. 3:20-cv-01732-JD

## IV. CONCLUSION

WHEREFORE, because Defendant has failed to establish that the terms of the agreements apply to Plaintiff once C.R.B. has disaffirmed the agreement and associated transactions, Plaintiff respectfully requests this Court deny Defendant's Motion to Compel Arbitration.

Respectfully submitted,

*/s/ Keith L. Altman*
Keith L. Altman
(SBN 257309)
*Attorney for Plaintiffs*
26700 Lahser Road
Suite 401
Southfield, MI 48033
(516) 456-5885
kaltman@lawampmmt.com

Dated: August 24, 2020

### CERTIFICATE OF SERVICE

Keith L. Altman hereby states that on the 24th day of August 2020, he caused the foregoing Opposition to Defendant's Motion to Compel Arbitration to be filed electronically with the United States District Court and that a copy of said document was sent to all counsel of record through the Court's ECF system.

*/s/ Keith L. Altman*
Keith L. Altman