LUANNE SACKS (SBN 120811)
lsacks@srclaw.com
MICHELE FLOYD (SBN 163031)
mfloyd@srclaw.com
MIKE SCOTT (SBN 255282)
mscott@srclaw.com
**SACKS, RICKETTS & CASE LLP**
177 Post Street, Suite 650
San Francisco, CA 94108
Tel: 415-549-0580
Fax: 415-549-0640

*Attorneys for Defendant*
Sony Interactive Entertainment LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| BRANDI CRAWFORD on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONY INTERACTIVE ENTERTAINMENT, LLC,<br><br>Defendant. | Case No.: 3:20-cv-01732<br><br>**REPLY IN SUPPORT OF DEFENDANT SONY INTERACTIVE ENTERTAINMENT LLC'S MOTION TO COMPEL ARBITRATION**<br><br>Date: Sept. 24, 2020<br>Time: 10:00 a.m.<br>Courtroom 11, 19th Floor<br><br>Judge: Hon. James Donato |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT..........................................................................................................2

    A. Plaintiff Admits Assent and Thereby Ends the Analysis......................................2

    B. Plaintiff Has a Dispute With SIE and Must Arbitrate Regardless of Whether Her Son Made the Purchases She Challenges........................................................3

    C. C.R.B. Cannot Disaffirm His Mother's Contracts with SIE.................................3

    D. C.R.B. Is Not The Plaintiff Or Real Party In Interest, Thus Whether He Remains Subject To An Arbitration Agreement After Disaffirmance Is Irrelevant To Whether His Mother Agreed To Arbitrate............................................................4

III. CONCLUSION......................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berg v. Traylor*, 148 Cal. App. 4th 809 (2007) ........................................................................... 4

*Buckeye,* 546 U.S., 126 S. Ct. 1204 ............................................................................................ 6

*Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. ---, 139 S. Ct. 524, 202 L. Ed. 2d 480 (2019) ................................................................................................................ 2, 6

*IB ex rel. Fife v. Facebook, Inc.*, 905 F Supp. 2d 989 (N. D. Cal. 2012) ................................ 4, 5

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.,* 363 F.3d 1010 (9th Cir. 2004) ......................... 2

*Martinez v. Ross Stores, Inc.*, No. 18-cv-04636-JD, 2019 WL 4221704 (N.D. Cal. Sept. 5, 2019) ...................................................................................................................................... 2

*Pearson v. Superior Court,* 202 Cal. App. 4th 1333 (2012) ....................................................... 5

*Pereira v. Toscano*, 85 Cal. App. 526 (1927) ............................................................................. 4

*Preston v. Ferrer,* 552 U.S. 346, 128 S. Ct. 978, 169 L.Ed.2d 917 (2008) ................................ 6

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S. Ct. 1801, 18 L.Ed.2d 1270 (1967) ............................................................................................................................ 6

*Raden v. Laurie,* 120 Cal. App. 2d 778 (1953) .......................................................................... 4

*Rent-A-Center West, Inc. v. Jackson*, 561 U.S. 63 (2010) ...................................................... 5, 6

*Spencer v. Collins*, 156 Cal. 298 (1909) .................................................................................... 4

**Statutes**

Cal. Fam. Code § 6700 ............................................................................................................ 5, 6

Cal. Fam. Code § 6710 ............................................................................................................ 4, 5

## I. INTRODUCTION

Plaintiff Brandi Crawford admits that she agreed to the PlayStation™ Network Terms of Service and User Agreement ("PSN ToSUA") and the Playstation®4 System Software License Agreement ("SSLA"), and that she is "bound by the arbitration and class action waivers" in those contracts. Plaintiff's Memorandum of Points and Authorities in Support of Response in Opposition ("Opp.") pp. 1:4-5, 2:22-24. Her argument is that even though she admittedly agreed to arbitrate her dispute with SIE, she is not bound to do so here because she is seeking damages associated with PSN purchases that she alleges that she did not make. *Id.* The flaw in her argument is obvious: *who* made the purchases that Plaintiff challenges has no bearing on whether she must arbitrate her claims for reimbursement for those purchases. She agreed to arbitrate *any* dispute with SIE, which would include the present dispute over reimbursement.

Plaintiff also tries to argue that "there is no arbitration agreement for this Court to enforce" (Opp. p. 1:17-18) because her minor son C.R.B., who also assented to the ToSUA and the SSLA when he created his PSN account, "disaffirmed" those contracts under California Family Code section § 6710.[1] This argument fails fundamentally because there is no evidence that C.R.B. actually disaffirmed his contracts with SIE. But even if there were, the argument would fail nonetheless because C.R.B. is not a party to this lawsuit. His mother is the plaintiff and she brings this suit in her own name, not as guardian ad litem for C.R.B. She admits that she has her own contracts with SIE which, as a matter of law, C.R.B. has no authority to disaffirm. Accordingly, even if C.R.B. disaffirmed *his* contracts, that disaffirmance has no effect on his mother's obligation to arbitrate pursuant to *her* contracts.

Last, even if C.R.B. were a party to this suit, which he is not, and even if he had disaffirmed his contracts with SIE, which does not appear to be the case, he would still be compelled to arbitrate under the circumstances here. It is settled that minors can contract under California law. Section 6710 merely makes a minor's contract *voidable* at the election of the minor, not void *ab initio*. C.R.B.'s alleged disaffirmance therefore presents a defense to

---

[1] Plaintiff asserts that California law applies here by application of the California choice of law provision in the contracts (*see*, Opp. p. 3:7-12) and SIE agrees.

1

REPLY ISO DEF'S MOTION TO COMPEL ARBITRATION
CASE NO. 3:20-cv-01732-JST

enforceability of each contract as a whole rather than the enforceability of the arbitration provision specifically. Under settled Supreme Court authority, a challenge to the contract as a whole is a challenge for the arbitrator, and not the Court, to resolve. Moreover here, the parties have contractually delegated all issues of scope and enforceability to the arbitrator, and Plaintiff undertook no effort to argue that the delegation clause is unenforceable. Accordingly, all of Plaintiff's arguments fail and her admission that she agreed to the PSN ToSUA and the SSLA and "is bound by the arbitration and class action waivers" ends the analysis. Plaintiff must arbitrate.

## II.    ARGUMENT

### A.    Plaintiff Admits Assent and Thereby Ends the Analysis

Because both the PSN ToSUA and the SSLA delegate scope and enforceability to the arbitrator and because Plaintiff made no attempt to argue that the delegation clause is unenforceable, assent is the only issue applicable here. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004) (holding Court's two inquiries on motion to compel are assent and scope); *Martinez v. Ross Stores, Inc.*, No. 18-cv-04636-JD, 2019 WL 4221704, at *1 (N.D. Cal. Sept. 5, 2019) (Donato, J.); *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. ---, 139 S. Ct. 524, 529, 202 L. Ed. 2d 480 (2019) (recognizing that parties to an arbitration agreement can delegate threshold issues of arbitrability to the arbitrator for resolution). Plaintiff, however, *admits* that she agreed to both the SSLA and the ToSUA and further admits that she is "bound by the arbitration and class action waivers. . . ." *See*, Opp. pp. 1:4-5; 2:22-24 ("Plaintiff does not dispute that both she and C.R.B. created PSN accounts on their PS4 system and agreed to the PSN ToSUA and the SSLA."). Her admission ends the analysis because both of these contracts require Plaintiff to arbitrate "any dispute" she has against SIE, which necessarily includes her present claims against SIE. *See*, Declaration of Ryan King ("King Decl.") ¶ 10; Exh. 1, p. 5; Exh. 2, p. 17 [Dkt. 19-1].[2]

---

[2] Plaintiff also concedes that her son, C.R.B., assented to the ToSUA and the SSLA. *See*, Opp. p. 2:22-24. But C.R.B. is not the plaintiff in this lawsuit and therefore is not the party bringing claims against SIE. Even if the complaint is amended to add C.R.B. as the real party in interest, however, this concession would end the analysis as to him as well.

### B.  Plaintiff Has a Dispute With SIE and Must Arbitrate Regardless of Whether Her Son Made the Purchases She Challenges

Plaintiff's primary argument seems to be that despite agreeing to the PSN ToSUA and SSLA and despite admitting that she is "bound by the arbitration and class action waivers," an exception exists under the circumstances here because her minor son, C.R.B., "made the purchases forming the basis of the lawsuit."[3] *See*, Opp. p. 3:2-6 ("C.R.B. made the purchases forming the basis of the lawsuit-not Plaintiff. Plaintiff seeks to recover the amounts incurred by C.R.B. on her credit card for the disaffirmed transactions."); Opp. p. 5:22-25 ("Plaintiff is seeking to recover the costs she incurred due to C.R.B.'s disaffirmed transactions—not due to any transactions she engaged in."). Her argument, however, is a non-sequitur because the fact that her son made the challenged purchases has no bearing on her obligation to arbitrate. The Court's sole inquiry here is assent: Did Plaintiff agree to arbitrate any dispute with SIE?  She did and she admits that she did.  Plaintiff's lawsuit seeking recovery of amounts that SIE charged to her credit card is a dispute with SIE subject to arbitration under the terms of both the PSN ToSUA and the SSLA. *See,*  King Decl., Exh. 1, p. 5; Exh. 2, p. 17.  Thus, the fact that her minor son made the underlying purchases and/or that he was not authorized to do so does not change the fact that Plaintiff asserts claims against SIE. Thus, she must arbitrate her dispute.[4]

### C.  C.R.B. Cannot Disaffirm His Mother's Contracts with SIE

Plaintiff next argues that she is not obliged to arbitrate her claims because C.R.B. disaffirmed his two contracts with SIE. Opp. p. 6:7-9 ("Plaintiff is not bound by the terms of the contract for the purchases C.R.B. entered into without her authorizations [sic], including the arbitration provisions outline [sic] in the PSN ToSUA and the SSLA."). She seems to be

---

[3] It bears noting that if Plaintiff's allegations are true, C.R.B. was under the age of majority when he created his PSN account. The PSN registration flow requires entry of a birthdate to confirm that the registrant is over the age of majority. Thus, since C.R.B. allegedly created an account, he necessarily entered a false birthdate when creating that account.

[4] It should also be noted that Plaintiff expressly agreed to be responsible for the disputed purchases on her account.  More specifically, the PSN ToSUA states: "**YOU ARE LEGALLY AND FINANCIALLY RESPONSIBLE FOR ALL ACTIONS ON YOUR ACCOUNT, INCLUDING THE ACTIONS OF CHILDREN AND ANYONE ELSE WITH ACCESS TO YOUR ACCOUNT.**" King Decl., Exh. 2, p. 1 [Dkt. 19-1].

arguing that her son's alleged decision to disaffirm *his* contracts with SIE somehow also disaffirms *her* contracts with SIE and thus her obligation to arbitrate. Family Code section 6710, however, does not support this argument—there is no statutory language that allows a child to disaffirm his parent's contracts. Nor has Plaintiff cited any case so holding (and SIE has found none) because the law is to the contrary. A child has no power to disaffirm his parent's contracts. *Berg v. Traylor*, 148 Cal. App. 4th 809, 822 (2007) (citing *Raden v. Laurie,* 120 Cal. App. 2d 778 (1953)) (confirming disaffirmance of an agreement by a minor does not operate to terminate the contractual obligations of the parent).  The bottom line is that Plaintiff, by her own concession, agreed to arbitrate any dispute she had against SIE. She has brought a dispute against SIE. Therefore, it must proceed in arbitration.

### D. C.R.B. Is Not The Plaintiff Or Real Party In Interest, Thus Whether He Remains Subject To An Arbitration Agreement After Disaffirmance Is Irrelevant To Whether His Mother Agreed To Arbitrate

Plaintiff next points out that "Nowhere in their motion does Defendant show that C.R.B. is subject to the arbitration agreement once he has disaffirmed." Opp. p. 5:20-22. This point, too, is irrelevant. C.R.B. is not the plaintiff and he brings no claims against SIE. *Plaintiff* has a dispute against SIE and she brings suit against SIE in her own name. The relevant inquiry then is whether Plaintiff has assented to an arbitration agreement, not whether C.R.B. has.

Even if C.R.B.'s contracts with SIE were relevant here, Plaintiff's argument would still fail. First, there is no evidence in the record that C.R.B. disaffirmed any contract with SIE. While it is true that disaffirmance of a contract requires no magic words, the minor must provide notice to the other contracting party of an "unequivocal intent to repudiate [the contract's] binding force and effect." *IB ex rel. Fife v. Facebook, Inc.*, 905 F Supp. 2d 989, 1000 (N. D. Cal. 2012) (citing *Spencer v. Collins*, 156 Cal. 298, 303 (1909)); *Berg*, 148 Cal. App. 4th at 821. Filing a lawsuit can be sufficient notice (*see*, *e.g.*, *Berg*, 148 Cal. App. 4th at 820 (citing *Pereira v. Toscano*, 85 Cal. App. 526, 531 (1927))), but C.R.B. did not file a lawsuit. His mother did, and she filed it on her own behalf, not as guardian *ad litem* for her minor son, C.R.B. The plain language of Section 6710, however, provides that only the minor,

4
REPLY ISO DEF'S MOTION TO COMPEL ARBITRATION
CASE NO. 3:20-cv-01732-JST

acting through a legal representative, may disaffirm his contract. Fam. Code §§ 6700, 6710; *see*, *IB ex rel. Fife*, 905 F Supp. 2d at 1004 ("It has long been the rule in California that a minor has limited capacity to enter into contracts (Fam. Code, §§ 6700, 6701), and that, 'a contract of a minor may be disaffirmed *by the minor* before majority....' (Fam. Code, § 6710, emphasis added.)" (citing *Pearson v. Superior Court,* 202 Cal. App. 4th 1333, 1334 (2012)). In *IB ex rel. Fife,* for example, the Court rejected the parents' attempt to assert their child's disaffirmance where they filed suit in their own name and not as guardian ad litem for their minor child. *IB ex rel. Fife*, 905 F Supp. 2d at 1004 (rejecting parents' claim of disaffirmance and confirming "that the power of avoidance is personal to the minor" and "the right to disaffirm is confined to the infant personally or his or her legal representatives"). Accordingly, even assuming that C.R.B.'s disaffirmance would make a difference here, which it would not, there is no evidence of any such disaffirmance.

Second, Plaintiff argues that because C.R.B. disaffirmed the PSN ToSUA and SSLA that he signed, neither he nor his mother are subject to the binding arbitration agreement. *See*, Opp. p. 2:24-3:2 ("However, plaintiff is seeking recovery for purchases C.R.B. made, without Plaintiff's consent using her credit card, who has since disaffirmed the agreement and is no longer subject to its terms, including the binding arbitration agreement."); Opp. p. 5:20-22 ("Nowhere in their motion does Defendant show that C.R.B. is subject to the arbitration agreement once he has disaffirmed. Plaintiff is seeking to recover the costs she incurred due to C.R.B's disaffirmed transactions, not due to any transactions she engaged in."). Ignoring for the moment that Plaintiff admittedly agreed to the PSN ToSUA and SSLA *herself*, this argument still fails because it is a challenge to the broader agreements and not to the arbitration provisions specifically. The United States Supreme Court has held that a challenge to the contract as a whole is one for the arbitrator under section 2 of the Federal Arbitration Act. *Rent-A-Center West, Inc. v. Jackson*, 561 U.S. 63 (2010). As *Rent-A-Center* explained:

> There are two types of validity challenges under § 2: "One type challenges specifically the validity of the agreement to arbitrate," and "[t]he other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.,* the agreement was fraudulently induced), or on the ground that the illegality

5

> of one of the contract's provisions renders the whole contract invalid." *Buckeye,* 546 U.S., at 444, 126 S. Ct. 1204. In a line of cases neither party has asked us to overrule, we held that only the first type of challenge is relevant to a court's determination whether the arbitration agreement at issue is enforceable. See *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 403–404, 87 S. Ct. 1801, 18 L.Ed.2d 1270 (1967); *Buckeye, supra,* at 444–446, 126 S .Ct. 1204; *Preston v. Ferrer,* 552 U.S. 346, 353–354, 128 S. Ct. 978, 169 L.Ed.2d 917 (2008). That is because § 2 states that a "written provision" "to settle by arbitration a controversy" is "valid, irrevocable, and enforceable" *without mention* of the validity of the contract in which it is contained. Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate. "[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." *Buckeye,* 546 U.S., at 445, 126 S. Ct. 1204; see also *id.,* at 447, 126 S.Ct. 1204 (the severability rule is based on § 2).

*Id.* at 70-71 (citations and emphasis in original) (footnote omitted).

Because a minor has the capacity to contract under California law, the power to disaffirm renders a contract voidable at the discretion of the minor, not void *ab initio*. Family Code § 6700 ("[A] minor may make a contract in the same manner as an adult, subject to the power of disaffirmance . . . ."). Accordingly, C.R.B.'s power to disaffirm is a defense to the enforcement of the contract as a whole and is not a failure of acceptance of the arbitration provision specifically. So, even assuming that C.R.B. did disaffirm his contracts with SIE and further assuming that his contracts, as opposed to those of his mother, are relevant here, his disaffirmance still would not invalidate the arbitration provisions in his two contracts because both contracts were validly formed by the parties' mutual assent. And even if the Court interprets the issue of disaffirmance as an issue directed to the arbitration provision specifically, it is an issue of enforcement which has been delegated expressly to the arbitrator. *See*, King Decl., Exh. 2, p. 17 [Dkt. 19-1] (delegating disputes regarding "the *validity, enforceability or scope* of this 'BINDING INDIVIDUAL ARBITRATION' section" to the arbitrator (emphasis added)); *Henry Schein, Inc.*, 586 U.S. ---, 139 S. Ct. at 529 (noting "when the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract" and "possesses no power to decide the arbitrability issue"). Because Plaintiff did not address the delegation clause at all, let alone attempt to invalidate it, the threshold issues of "validity,

enforceability or scope" of the arbitration provision are issues for the arbitrator to resolve. *See*, King Decl., Exh. 2, p. 17; Exh. 3, p. 19 [Dkt. 19-1].

### III. CONCLUSION

Plaintiff admitted that she agreed to the PSN ToSUA and the SSLA and further admitted that she is bound by the arbitration provision and class action waivers in those contracts. She therefore must arbitrate her dispute against SIE. Accordingly, SIE respectfully requests that the Court compel Plaintiff to arbitrate her claims and stay this lawsuit pending arbitration.

Dated: September 14, 2020

SACKS, RICKETTS & CASE LLP

By: /s/ *Michele Floyd*
Luanne Sacks
Michele Floyd
Mike Scott
Attorneys for Defendant