UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDI CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>Defendant. | Case No. 3:20-cv-01732-JD<br><br>**ORDER RE ARBITRATION**<br><br>Re: Dkt. No. 19 |

Plaintiff Brandi Crawford alleges that her minor son spent more than $1,000 without her permission in the Fortnite video game hosted on the PlayStation Network (PSN) operated by defendant Sony Interactive Entertainment LLC (SIE). Crawford sued on behalf of herself and a putative class of other parents whose kids spent money in SIE's games without permission. Crawford's minor son is not a party, and she has not been designated a guardian ad litem. She alleges declaratory relief and a variety of California state law claims. *See generally* Dkt. No. 1.

SIE requests an order sending the case to arbitration under the Federal Arbitration Act (FAA), 9 U.S.C. § 2. Dkt. No. 19. The motion is granted, and the case is stayed pending further order.

The parties' familiarity with the record is assumed. Crawford forthrightly acknowledges that "[d]efendants are correct that Plaintiff is bound by the arbitration and class action waivers for transactions in which she engaged." Dkt. No. 22 at 1.[1] Crawford accepted SIE's System Software Licensing Agreement (SSLA) and Terms of Service and User Agreement (ToSUA), both of which contain agreements to arbitrate disputes and waivers of proceeding on a class action basis. She

---

[1] The complaint names one defendant, SIE, so the use of the plural by Crawford appears to be accidental.

does not challenge SIE's evidence showing that she agreed to the SSLA and ToSUA as conditions of operating the console and accessing the PSN. *See* Dkt. No. 19-1 ¶¶ 3-6. Crawford also does not dispute that these agreements were made in connection with the console used by her son, and that a fair proportion of the PSN charges were incurred in Crawford's own account. *Id.* ¶ 7.

The SSLA and ToSUA each have broad dispute resolution clauses that impose bilateral arbitration requirements on SIE and consumers under the FAA. *See* Dkt. No. 19-1, Exh. 1 ¶ 9 (SSLA); Exh. 2 at p. 17-19 (ToSUA). Each agreement defines "disputes" to include challenges to "the validity, enforceability or scope" of the arbitration clause. *Id*. Each agreement expressly incorporates the Consumer and Commercial Rules of the American Arbitration Association (AAA) to govern the arbitration proceedings. *Id*. Each agreement also contains a class action waiver. *Id*.

Crawford has not raised any objections to arbitration on grounds of contract formation, or substantive or procedural unconscionability. *See* Dkt. No. 22. Her sole argument against arbitration is that her minor son could not be bound by a contract under California law. *Id*. at 2-6. That may be, but it is beside the point for present purposes. That is because the complaint alleges a dispute entirely between Crawford and SIE. Crawford is the only named plaintiff, and the only injury alleged is the money she personally lost after unsuccessfully seeking a refund from SIE. *See* Dkt. No. 1 ¶¶ 51, 58. That dispute is wholly within the scope of the arbitration clause, as Crawford recognizes.

Consequently, a referral to arbitration is required. Under the FAA, "'the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue.'" *See Williams v. Eaze Sols., Inc.*, 417 F. Supp. 3d 1233, 1239 (N.D. Cal. 2019) (quoting *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004)). "If the party seeking to compel arbitration establishes both factors, the district court 'must order the parties to proceed to arbitration.'" *Id*. (quoting *Lifescan*, 363 F.3d at 1012). "Any doubts about the scope of arbitrable issues should be decided in favor of arbitration." *Id.* (internal citations omitted). To the extent any questions remain about the validity, enforceability, or interpretation of the arbitration clauses, the parties' incorporation of the

AAA rules has delegated those issues to the arbitrator. *Id*. at 1241; *see also Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Crawford did not specifically challenge the delegation clause, and so it will be enforced. *See Williams*, 417 F. Supp. 3d at 1241.

The case is ordered to arbitration. It is stayed and administratively closed pending further order. *See* 9 U.S.C. § 3. The parties are directed to file joint status reports every 90 days, and to promptly advise the Court of a settlement or other resolution.

**IT IS SO ORDERED.**

Dated: March 30, 2021

JAMES DONATO
United States District Judge